Curia, per

Butler, J.
There is no doubt but that, by the expressions of the mortgage, the title of the property in dispute was vested in the plaintiff, with an agreement, on his part, in the condition, rather by implication than in express terms, that the mortgagor should have the permissive possession, till a certain contingency should happen, when it is provided the mortgagee should have a right to go-on the premises of the mortgagor, and take into his absolute possession the chattels previously conveyed. The mortgagor, therefore, had no legal title in himself; and when the property was taken away from him, under attachment, he had no right, by virtue of his actual possession, to bring ail action of trover. The case stands thus: the defendants have no right to the property, under the attachment; and the person from whom it was taken, has no right to bring an action ; and, therefore, if this action will not lie in the name of the plaintiff, this is a case in which no one can bring an action of trover against one having no title himself, and who has taken it into his possession by a wrongful conversion. The mortgagor had no more than a permissive possession under a license, resulting, by implication, from the covenant in the mortgage. It is unnecessary to enquire or determine whether the mort *183 gagee could have interfered with this possession, while it continued according to the terms of the agreement. But it becomes a different question where a stranger takes the actual possession, and thereby puts the title of the true owner in jeopardy. In seeking to enforce his remedy, he has a right, not only to all'the common law modes of proceeding, but to the security provided by the Act of 1827, which he could not have if he were forced to rely entirely on his special action on the case. The action of trover, like every other mere remedy, must be made to operate so as to effect its great object, to wit, to try title to personal property, and to enable the true owner, whose rights have been invaded, to recover damages for its wrongful conversion. The plaintiff before the court, is the true owner of the property sued for, and it is his legal rights alone that have been put in jeopardy by the conduct of the defendants. The case of Gordon vs. Harper, 7 T. R. 9, has been much relied on in the argument to defeat the action. The plaintiff, in that case, claimed certain articles of furniture, under a purchase from one Barrett, and after the purchase, he let a house, and the articles of furniture in question, to Biscoe, as his tenant, under a written lease. The furniture was taken in execution by the defendant, as sheriff, under a fi. fa. against Barrett; and the plaintiff, the landlord of Biscoe, brought his action of trover against the sheriff, before the expiration of the term under the lease. I suppose the true question was, whether Biscoe, wTho had the right to the exclusive and immediate possession of the property at the time, under an agreement, in the nature of a lease, should have brought the action ; or whether the landlord, who had divested himself for a limited time, could maintain it; and it was determined that the landlord could not, and that upon the ground that he had no present title, and consequently no immediate right of possession to the property. The case before the court, in many particulars, is distinguish able’from the one quoted. For here the mortgagor had no legal title in himself. He had the mere custody of the property, with, a condition necessarily annexed and implied, that it should be always forthcoming to pay the debt upon demand, as stipulated of this plaintiff, the mortgagee. If it could be taken away by a stranger, the very object for *184 which it was placed 'with defendant, would be defeated. The mortgagor being unable to maintain the possession which was intended for his benefit, and making no objection to the plaintiff's general right of property, under the agreement, in effect, he either forfeited, or more properly speaking, yielded, the right of possession to his mortgagee. The case of Stubbs vs. White, MSS. Dec. 4 vol. No. 318, is more like the case under consideration. The plaintiff claimed the horse in dispute, under the common conveyance by mortgage ; and it appeared that the defendant had purchased the same horse from the mortgagor before the time had elapsed for the payment of the money secured by the mortgage. The circuit Judge non-suited the plaintiff', and upon a motion to reverse that decision, Judge Johnson delivered the judgment of the court, to the following effect:
“That paper,” says the Judge, “like most other instruments of the sort, professes to convey the property absolutely, with a condition, however, that it shall be void on the payment of a certain sum of money, the effect of which is to transfer a legal title, and consequently, a right of possession in the plaintiff; and either of these would entitle him to maintain trover against a stranger.”
A majority of the court are willing to yield to this authority, on the point made in this case, and feel bound, therefore, to set aside the non-suit ordered on the circuit.
Motion granted.
Richardson, O’Neall and Evans, JJ. concurred.